# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY R. ORTEGA, | Case No. EDCV 12-00431-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**PROCEEDINGS**

On March 29, 2012, Ricky R. Ortega ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on July 19, 2012. On November 2, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 47 year old male who applied for Supplemental Security Income benefits on September 16, 2008, alleging disability beginning August 1, 2005. (AR 22.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 16, 2008, the application date. (AR 25.)

Plaintiff's claim was denied initially on December 11, 2008, and on reconsideration on March 24, 2009. (AR 22.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on May 11, 2010, in San Bernardino, California. (AR 22.) Claimant appeared at the hearing and testified, and was represented by counsel. (AR 22.) Medical expert ("ME") Samuel Landau, M.D. and vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 22.)

The ALJ issued an unfavorable decision on June 24, 2010. (AR 22-31.) The Appeals Council denied review on January 25, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's residual functional capacity assessment is supported by substantial evidence.
2. Whether the ALJ's credibility determination is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." <u>Richardson</u>, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" <u>Robbins</u>, 466 F.3d at 882 (quoting <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989)); <u>see also</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. <u>Parra</u>, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. <u>Parra</u>, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen v. Yuckert</u>, 482 U.S. at 141. Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 16, 2008, the application date. (AR 25.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: arthritis; restrictive lung disease; Cushing's disease; diabetes mellitus; and obesity. (AR 25.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 25.)

The ALJ then found that Plaintiff has the RFC to perform a "significant" range of light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> . . . can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk 2 hours in an 8-hour workday, with normal breaks; can sit 8 hours in an 8-hour workday, with normal breaks; can occasionally stoop and bend; can climb stairs, but is precluded from climbing ladders, ropes or scaffolds; is precluded from working at heights or balancing; is precluded from operating motorized equipment and working around unprotected machinery; must work in an air conditioned environment which is free of excessive pollutants.

(AR 25-26.) In determining this RFC, the ALJ also made an adverse credibility determination . (AR 27.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 30.)

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including small products assembler II, optical assembler, order clerk food and beverage, and assembler buttons and notions. (AR 30-31.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 31.)

**DISCUSSION**

The ALJ decision must be reversed and remanded for further proceedings because the ALJ failed to develop the record properly. Subsequent to the hearing but before the ALJ decision was issued, Plaintiff presented new medical information from Riverside Memorial Hospital, indicating an assessment of "severe low back pain secondary to multilevel degenerative joint disease." (AR 297.) The ALJ commented on this information in the decision

(AR 28), but did not submit the information to any medical source for consideration of its cumulative impact on Plaintiff's functioning or appropriate limitations that should be assessed, even though the information indicates a medical impairment not otherwise addressed by any of the physicians relied on by the ALJ. This was error.

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the Claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring). The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

On September 17, 2009, Plaintiff presented at Riverside Community Hospital with complaints of back pain and weakness in his legs which gave out, leading to a fall. (AR 291-96.) Dr. Alphonso Benton at Riverside Community Hospital reported that Plaintiff had an MRI of the thoracic spine without contrast, which indicated a mild chronic compression deformity. (AR 297.) Although there was no cord compression, there was multilevel cervical disc degeneration. (AR 297.) The lumbar spine showed disc extrusion and moderate spinal canal stenosis. (AR 297.) Based on the MRI, Dr. Alphonso diagnosed Plaintiff with "[s]evere low back pain, untreated, secondary to multilevel degenerative joint disease with mild compression and moderate spinal stenosis." (AR 297.) Dr. Alphonso started Plaintiff on muscle relaxants, but indicated a need to follow up at Moreno Valley Hospital "for possible surgical intervention." (AR 297.)

The ALJ states in his step two discussion of Plaintiff's medically determinable severe impairments that Plaintiff's impairments include arthritis, restrictive lung disease, Cushing's disease, diabetes mellitus, and obesity. (AR 25.) There is no discussion or mention of back pain or thoracic, cervical, or lumbar disc degeneration. The same is true of the ALJ's step three listings discussion. (AR 25.) The ALJ assessed Plaintiff with a RFC for light work with limitations (AR 25-26), but cites no medical source opinion that addresses Plaintiff's back pain and disc degeneration other than his own discussion of the medical records for Plaintiff's September 18, 2009 visit to Riverside Community Hospital. (AR 25-30.) There is no indication that any of the limitations in the ALJ's RFC are based on the new Riverside Community Hospital medical records.

The ALJ gave the greatest weight to the medical expert, Dr. Samuel Landau, who testified at the hearing. (AR 38-41.) Dr. Landau assessed Plaintiff with the RFC adopted by the ALJ. (AR 25-26, 38.) Dr. Landau did not discuss back pain or degenerative disc disease, as Plaintiff did not present medical information on those impairments until after the hearing. The ALJ also gave great weight to the 2008 findings of Dr. Wong and Dr. Do, State reviewing physicians. (AR 280-87.) These two physicians also did not discuss back pain or degenerative disc disease and, like Dr. Landau, never saw Plaintiff's September 17, 2009 Riverside Community Hospital medical records.

Without any medical source opinions, the ALJ summarily dismisses Plaintiff's severe low back pain, noting that "the hospital assessed the claimant's multilevel degenerative joint disease and only mild compression and moderate spinal stenosis; and his treatment plan was conservative including only muscle relaxants." (AR 28.) Merely reciting Dr. Benton's diagnosis does not address whether the acknowledged impairment is severe or what functional limitations result from the impairment. The ALJ, moreover, does not acknowledge Dr. Benton's observation that the impairment was "untreated." (AR 297.) Also, Dr. Benton did not just

prescribe muscle relaxants. He also referred Claimant to Moreno Valley Hospital for possible surgical intervention.[1]

The ALJ assessed Plaintiff with a RFC for a "significant" range of light work, but in fact numerous limitations were imposed, including that Claimant can lift 20 pounds occasionally and can stand and/or walk only 2 hours in an 8 hour workday. (AR 26.) An RFC must reflect all of a claimant's impairments, severe and nonsevere, singly and in combination. 20 C.F.R. § 404.1545(a)(2). The addition of a new impairment not addressed by any other medical source changes everything because, even if not disabling by itself, in combination with Plaintiff's other impairments it may be. The ALJ opinion here never considers Plaintiff's new impairment <u>in combination</u> with his other impairments. This was error. A claimant's illness "must be considered in combination and must not be fragmentized in evaluating their effects." <u>Beecher v. Heckler</u>, 756 F.2d 693, 694-95 (9th Cir. 1985). The ALJ must consider the combined effect of all of a claimant's impairments on his or her ability to function "without regard to whether each alone was sufficiently severe." <u>Smolen</u>, 80 F.3d at 1290.

Thus, the ALJ's RFC is not supported by substantial evidence. There is no acceptable medical source opinion addressing any limitations Plaintiff's new impairment may impose, 20 C.F.R. § 404.1513(a), especially in combination with other impairments. In other words, the medical evidence of record is inadequate to allow for a proper evaluation of Plaintiff's impairments, triggering the ALJ's duty to develop the record fully and fairly. <u>Tonapetyan</u>, 242 F.3d at 1150. The ALJ should have ordered a supplemental hearing or obtained medical source opinion through interrogatories to Dr. Landau or in some other way evaluated Plaintiff's new medical evidence. On remand, the ALJ should submit updated medical information from Riverside Community Hospital to Dr. Landau or some other acceptable medical source, and reconsider Claimant's RFC based on that information in combination with Plaintiff's other impairments and limitations.

---

[1] The ALJ also dismisses the new hospital records because of recent heroin use, a benign obesity treatment plan, and stable diabetes (AR 28), but these have nothing to do with Plaintiff's new, untreated multilevel joint degeneration.

There was discussion in the Joint Stipulation of the role of res judicata regarding the ALJ's prior assessment in the August 28, 2008 decision. (AR 52-63.) Both sides agree, however, that a claimant may rebut the presumption of non-disability with evidence of changed circumstances, such as a new impairment. (AR 22-23.) The ALJ considered all new evidence since the last decision and added the impairments of arthritis, restrictive lung disease, and diabetes mellitus. (AR 25, 57.) The ALJ also changed the standing/walking limitation from 6 hours in an 8 hour day to 2 hours. (AR 25-26, 58.) There is no indication these changes were based on the new post-hearing information from Riverside Community Hospital. There is other medical opinion in the record supporting these changes. The ALJ's dismissal of Plaintiff's new medical information, however, is not based on medical opinion. The record as it stands is inadequate to determine whether the new information constitutes changed circumstances and what impact it should have on the step two, three and five findings, and Plaintiff's RFC and credibility. The Court expresses no opinion on whether it does, only that medical opinion to make that determination is lacking.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: December 6, 2012 /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE